618 A.2d 1140

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Terry L. CLAAR, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 4, 1992.

Decided Dec. 7, 1992.

154

David R. White, Asst. Counsel–Appellate Section, for appellant.

No appearance for appellee.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation (Department) appeals an order of the Blair County common pleas court upholding Terry Claar's appeal from a two-year revocation of his operat-

ing privileges pursuant to section 1543(c)(2) of the Vehicle Code, 75 Pa.C.S. § 1543(c)(2) [1]. We reverse.

On October 14, 1991, the department mailed notification to Claar that his operating privileges were being revoked for a period of two years for violating section 1543(a), which proscribes "driving a motor vehicle on any highway or trafficway of this Commonwealth after commencement of a suspension, revocation or cancellation of the operating privilege" and before that privilege is restored. That section also mandates that, upon conviction, a licensee is guilty of a summary offense and subject to a fine of two hundred dollars.

Claar appealed the revocation and the common pleas court held a hearing, at which the department introduced, without objection, evidence in the form of its official records showing that Claar's operating privileges had been revoked for six months, effective October 24, 1986, and that, due to numerous subsequent Vehicle Code infractions, they were still not restored as of May 17, 1991, when he received the citation for a section 1543 violation.

Claar's counsel stated at the hearing that Claar held a valid Ohio driver's license since 1984, when he relinquished his Pennsylvania license. In addition, counsel argued that Claar's wife paid the fines for his latest citation because Claar, a truck driver, was in Wisconsin on a delivery, and therefore the department's record of Claar's 1991 conviction was improper.

The department argued that, contrary to Claar's assertions, he could not be in possession of a valid Ohio license since the department's records indicated that Claar had surrendered his

---

1. § 1543. **Driving while operating privilege is suspended or revoked.**
    (c) Suspension or revocation of operating privilege.—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:
        (1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.
        (2) If the department's records show that the person was under revocation on the date of violation, the department shall revoke the person's operating privilege for an additional two-year period.

*Pennsylvania* license in 1985 and could not have obtained a valid Ohio license while his was suspended in the Commonwealth.

The common pleas court concluded that because Claar had a valid Ohio driver's license since 1984, Claar's prior suspensions and his consequent revocation for driving while his operating privileges were under suspension were of no effect.

It is clear that a licensee cannot collaterally attack his criminal conviction in an appeal of a license suspension or revocation proceeding. *Radice v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety,* 118 Pa.Commonwealth Ct. 627, 545 A.2d 1005 (1988). It is equally clear that the payment of fines and costs for Claar's May 1991 citation is an admission of guilt for that offense. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Vento,* 120 Pa.Commonwealth Ct. 211, 548 A.2d 385 (1988). At the hearing, Claar admitted that his wife paid the fines on the citation and he could not attack that judgment in the civil proceeding below, when his remedy lay in a summary criminal appeal therefrom. Thus, for purposes of our determination here, the department met its burden of showing that Claar was convicted of the offense for which he received a citation.

That being so, we must determine whether, as a matter of law, Claar's operating privileges can be revoked or suspended upon conviction in Pennsylvania of an enumerated offense if he has a driver's license issued by another jurisdiction. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Cern,* 145 Pa.Commonwealth Ct. 647, 604 A.2d 1135 (1992) and the authorities on which it is based are instructive.

In *Cern,* a licensee was convicted of two section 1542 offenses before moving to New Jersey, surrendering his Pennsylvania license and securing a New Jersey license. He was then convicted of a third offense in Pennsylvania. There we said that

the terms, driver's license and operating privilege, are not interchangeable under the Code ... it was not [the driver's] driver's license that DOT acted to revoke and therefore his act of surrendering his driver's license to New Jersey authorities in order to secure a valid New Jersey driver's license would not insulate him from revocation of his operating privilege within Pennsylvania.

*Id.* at 655, 604 A.2d at 1140.[2]

We based our *Cern* decision in part on *McGhee v. Commonwealth,* 85 Pa.Commonwealth Ct. 310, 481 A.2d 1237 (1984), wherein we held that section 1546(a) of the Vehicle Code, 75 Pa.C.S. § 1546(a) empowers DOT to suspend or revoke the privilege of driving a motor vehicle on the highways of the Commonwealth given to a non-resident in like manner and for like cause as a resident's operating privilege. *Id.* at 312, 481 A.2d at 1238.

The trial court apparently found that Claar, who admits he is a Pennsylvania resident, has held an Ohio driver's license since 1984 and that therefore any suspension of his Pennsylvania operating privileges after that was of no effect. However, since he is a resident of this Commonwealth, he is required by section 1501(a) of the Vehicle Code, 75 Pa.C.S. § 1501(a), to maintain a Pennsylvania license. Moreover, section 1573 of the Code makes it illegal

for any resident or nonresident whose operating privilege to drive a motor vehicle in this Commonwealth has been recalled, canceled, suspended, revoked or disqualified as provided in this title to display a license or permit issued by any other jurisdiction or otherwise during the suspension or after the recall, cancellation, revocation or disqualification until the individual's operating privilege has been restored by the department.

2. We noted in *Cern* the different definitions of these terms set forth in section 102, 75 Pa.C.S. § 102:

'Driver's license.' A license or permit to drive a motor vehicle issued under [Title 75].

'Operating privilege.' The privilege to apply for and obtain a license to use as well as the privilege to use a vehicle on a highway as authorized in [Title 75], but not a contract, property right or civil right.

These code provisions lead to one conclusion—that Claar cannot circumvent the penalty of suspension of his operating privileges in this state by asserting he has a valid driver's license from Ohio.

We therefore hold that Claar cannot collaterally attack his civil penalty in the court below by arguing there that his conviction was improper, and he cannot, as a matter of law, avoid that civil penalty by showing a driver's license from another state.

One final matter must be disposed of. The department submits that Claar relinquished his Pennsylvania license in 1985 but that he has not yet had it restored. The department admits that, under the authority of our decisions in *Caruso v. Commonwealth of Pennsylvania, Department of Transportation*, 125 Pa.Commonwealth Ct. 54, 557 A.2d 54 (1989) and *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Ford–Bey*, 142 Pa.Commonwealth Ct. 345, 597 A.2d 267 (1991), a six-month operating privilege suspension should have been imposed. It asks that we so modify its two-year revocation order.

We will accordingly reverse the common pleas court's order and will enter an appropriate order directing the department to modify its penalty.

## ORDER

AND NOW, this 7th day of December, 1992, it is hereby Ordered that the order of the Blair County Court of Common Pleas, dated December 18, 1991, at No. 1929 C.P.1991, is reversed.

It is further Ordered that the Commonwealth Department of Transportation shall modify its imposition of a two-year revocation of Terry L. Claar's operating privileges and shall impose a six-month suspension of Claar's operating privileges as a result of his May 17, 1991 citation, guilty plea and consequent conviction.