### William M. HODGDON

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 25, 2011.

Decided March 30, 2011.

---

Philip M. Bricknell, Harrisburg, for appellant.

Michael P. Petro, Pittsburgh, for appellee.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the April 28, 2010, order of the Court of Common Pleas of Allegheny County (trial court) ordering that William H. Hodgdon's "record with DOT and/or the Pennsylvania State Police and/or any other agencies be expunged forthwith."[1] We reverse.

Hodgdon filed a Petition for Expungement of PennDOT Records (Petition) with the trial court seeking an order requiring DOT to expunge its records of his acceptance into the Accelerated Rehabilitation Disposition (ARD) program on January 3, 2003. DOT opposed the Petition and a hearing ensued before the trial court. Counsel for DOT and Hodgdon did not present any evidence. Each party pre-

sented oral argument in support of their respective positions and later filed briefs with the trial court. The following background is taken from the trial court's opinion.

Hodgdon was accepted into the ARD program on January 3, 2003, for a violation of former Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731, driving under the influence, on June 7, 2002.[2] Hodgdon completed the ARD program sometime after February 1, 2004.

At the time of Hodgdon's acceptance into the ARD program, Section 1534(b) of the Vehicle Code, 75 Pa.C.S. § 1534(b), provided that DOT had the authority to maintain the records of a licensee's acceptance of ARD for a DUI offense for seven years, following the licensee's admission into the ARD program.[3] The Vehicle Code was amended, effective February 1, 2004, and Section 1534(b) now provides that DOT is authorized to maintain a record of a licensee's acceptance into ARD for a DUI offense for ten years, after the licensee has been admitted into the ARD program.[4]

---

1. Reproduced Record (R.R.) at 55a.

2. Section 3731 of the Vehicle Code was repealed by the Act of September 30, 2003, P.L. 120, effective February 1, 2004 (Act 24). The provisions of Section 3731 are now found in Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802, which relate to driving under the influence of alcohol or a controlled substance.

3. At the time Hodgdon entered the ARD program in January 2003, Section 1534 of the Vehicle Code provided as follows:

1534. Notice of acceptance of Accelerated Rehabilitative Disposition
    (a) GENERAL RULE.—Except as provided in subsection (b), if a person is arrested for any offense enumerated in section 1532 (relating to revocation or suspension of operating privilege) and is offered and accepts accelerated rehabilitative dis-

position under general rules, the court shall promptly notify the department.
    (b) EXCEPTION.—If a person is arrested for any offense enumerated in section 3731 (relating to driving under influence of alcohol or controlled substance) and is offered and accepts accelerated rehabilitative disposition under general rules, the court shall promptly notify the department. The department shall maintain a record of the acceptance of accelerated rehabilitative disposition for a period of seven years from the date of notification. This record shall not be expunged by order of court.

4. See Act 24. Section 1534 of the Vehicle Code currently provides as follows:

1534. Notice of acceptance of Accelerated Rehabilitative Disposition

■ The sole issue before the trial court was whether the former version of Section 1534(b) of the Vehicle Code, in effect at the time of Hodgdon's acceptance into the ARD program in 2003, or the current version of Section 1534(b), in effect when he completed the ARD program after February 1, 2004, controls the time for expungement by DOT of his record. Upon review, the trial court determined that the prior version of Section 1534(b) controlled and that Hodgdon was entitled to have his record expunged by DOT after seven years. The trial court based its decision on its conclusion that Hodgdon had a reasonable expectation that his record would be expunged in seven years, as provided by the Vehicle Code in effect when he signed the document prepared by the Office of District Attorney of Allegheny County, entitled "County of Allegheny ARD Procedures and Conditions", at the time he entered the ARD program. That document included language that when Hodgdon completed the ARD program, the District Attorney's office would inform the court and his arrest record would be expunged. The trial court reasoned further that in accepting the ARD program, Hodgdon waived his right to offer proof of his innocence and to a speedy trial and that he may waive these rights in order to have his record expunged as promised by the District Attorney's office.

In further support of its decision, the trial court relied on our Superior Court's opinion in *Commonwealth v. M.M.M.*, 779 A.2d 1158 (Pa.Super.2001), *petition for allowance of appeal denied*, 568 Pa. 629, 793 A.2d 906 (2002), wherein the Superior Court interpreted the language of the prior version of Section 1534(b) and held that the court of common pleas had the authority to enter an order requiring DOT to expunge a defendant's record after seven years.[5] Specifically, the Superior Court stated:

(a) GENERAL RULE.—Except as provided in subsection (b), if a person is arrested for any offense enumerated in section 1532 (relating to revocation or suspension of operating privilege) and is offered and accepts Accelerated Rehabilitative Disposition under general rules, the court shall promptly notify the department.

(b) EXCEPTION.—If a person is arrested for any offense enumerated in section 3802 (relating to driving under influence of alcohol or controlled substance) and is offered and accepts Accelerated Rehabilitative Disposition under general rules, the court shall promptly notify the department. The department shall maintain a record of the acceptance of Accelerated Rehabilitative Disposition for a period of ten years from the date of notification. This record shall not be expunged by order of court or prior to the expiration of the ten-year period.

(c) EXPUNGEMENT.—Immediately following the expiration of the ten-year period, the department shall expunge the record of the acceptance of Accelerated Rehabilitative Disposition. The depart-

ment shall not require an order of court to expunge the record.

(d) EXCEPTIONS TO EXPUNGEMENT.—The department shall not be required to expunge the record of acceptance of Accelerated Rehabilitative Disposition if:

(1) during the ten-year period, the department revokes the operating privileges of a person pursuant to section 1542 (relating to revocation of habitual offender's license); or

(2) the person was a commercial driver at the time of the violation causing the disposition.

75 Pa.C.S. § 1534.

5. In *M.M.M.*, a driver sought to expunge from her record reference to her DUI arrest and participation in the ARD program. Although the Court of Common Pleas of Chester County ordered the expungement, DOT appealed, arguing that (1) it was not a criminal justice agency for purposes of the Pennsylvania Criminal History Record Information Act, 18 Pa.C.S. §§ 9101–9183; (2) the Commonwealth Court, not the Court of Common Pleas

Our resolution of this issue is based not only on an analysis of the complex web of rules set out in the Motor Vehicle Code. Rather, it is based on the reasonable expectations engendered by the ARD program itself. ARD carries with it the reward of expungement upon successful completion of the program. Pa. R.Crim. P. 186. The principal benefit accorded the defendant is elimination of his or her record. Only where the Commonwealth presents compelling reasons for the retention of a record is the court permitted to deny expungement.

*M.M.M.*, 779 A.2d at 1166.

Therefore, the trial court concluded that:

[t]o retroactively apply the amended version of [Section 1534(b)] and extend the length of time in which DOT may maintain [Hodgdon's] records results in unfair surprise to [Hodgdon]. Pennsylvania appellate courts have recognized the importance of protecting the Defendant's reasonable expectations of the Commonwealth's promised benefit upon completion of the ARD program.

Trial Court Op. at 5. Accordingly, the trial court granted Hodgdon's Petition. This appeal by DOT followed.[6]

■ As correctly pointed out by DOT, this case involves a question of statutory interpretation. It is well-settled that there is a presumption against retroactive application of statutes affecting substantive rights. *Nicholson v. Combs*, 550 Pa. 23, 703 A.2d 407 (1997). Section 1926 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1926, supports this presumption. *Id.* Section 1926 provides that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926.

There is no dispute that prior to February 1, 2004, the effective date of Act 24, Section 1534(b) of the Vehicle Code provided:

(b) EXCEPTION.—If a person is arrested for any offense enumerated in section 3731 (relating to driving under influence of alcohol or controlled substance) and is offered and accepts accelerated rehabilitative disposition under general rules, the court shall promptly notify the department. The department shall maintain a record of the acceptance of accelerated rehabilitative disposition for a period of seven years from the date of notification. This record shall not be expunged by order of court.

---

was the court of proper jurisdiction; and (3) that the General Assembly did not intend DOT to be bound by the expungement provisions of the Pennsylvania Criminal History Record Information Act, pursuant to a portion of the Vehicle Code, 75 Pa.C.S. § 1534. The Superior Court concluded that (1) in the event of an ARD–DUI related suspension, that is, one triggered by an order of the criminal court, the functions of the court and DOT are so inextricably intertwined that DOT may be deemed a criminal justice agency for purposes of Section 9122 of the Pennsylvania Criminal History Record Information Act; (2) the Court of Common Pleas of Chester County had jurisdiction; and (3) the purpose of Section 1534 of the Vehicle Code is clear: it prohibits an ARD–DUI participant from seeking expungement prior to the seven year peri-

od, despite his or her right, under the Rules of Criminal Procedure, to be granted expungement in advance of that date. *M.M.M.*, 779 A.2d at 1163–1165. The Superior Court also found that the seven-year period of record retention begins on the date of acceptance into the ARD program. *Id.* at 1166.

6. "Because the instant appeal presents this Court with pure questions of law, our scope of review is plenary and we are not bound by the trial court's conclusions of law." *Department of Transportation v. McCafferty*, 563 Pa. 146, 152, 758 A.2d 1155, 1158 (citing *Department of Transportation, Bureau of Driver Licensing v. Clayton*, 546 Pa. 342, 346 n. 4, 684 A.2d 1060, 1062 n. 4 (1996)).

75 Pa.C.S. § 1534(b) (2002). There is also no dispute that due to the enactment of Act 24 by the General Assembly, Section 1534(b) of the Vehicle Code currently provides:

(b) EXCEPTION.—If a person is arrested for any offense enumerated in section 3802 (relating to driving under influence of alcohol or controlled substance) and is offered and accepts Accelerated Rehabilitative Disposition under general rules, the court shall promptly notify the department. The department shall maintain a record of the acceptance of Accelerated Rehabilitative Disposition for a period of ten years from the date of notification. This record shall not be expunged by order of court or prior to the expiration of the ten-year period.

75 Pa.C.S. § 1534(b).

In support of its contention that pursuant to the current version of Section 1534(b), Hodgdon is not entitled to have his driving record expunged for a period of ten years, DOT argues that the General Assembly included specific language in Act 24, which amended Section 1534(b) of the Vehicle Code, so that all post-amendment expungements would occur ten years after the acceptance of ARD. DOT directs this Court's attention to Section 21 of Act 24 which states, in pertinent part, as follows:

Section 21. The following shall apply:

. . . .

(5) The following apply to offenses committed before February 1, 2004:

(i) Except as set forth in subparagraph (ii) or (iii), the act shall not affect an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense.

(ii) Subparagraph (i) does not apply if a provision added or amended by this act specifies application to an offense committed before February 1, 2004, or

to any criminal, civil or administrative penalty assessed as a result of that offense.

(iii) Subparagraph (i) does **not** apply to the following provisions:

. . . .

(C) **The amendment of 75 Pa.C.S. § 1534(b).**

Section 21(5) of the Act of September 30, 2003, P.L. 120, 75 Pa.C.S. § 1534 (note) (2006) (emphasis added).

Accordingly, pursuant to Section 21(5) of Act 24, the General Assembly expressly mandated that the 2003 amended version of Section 1534(b) prohibiting the expungement of a driving record before the expiration of the ten year period from the date of acceptance into an ARD program **applies** to an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense. Moreover, it is clear based on other provisions of Act 24, that the General Assembly expressly applied the 2003 amendment to Section 1534(b) to offenses committed before February 1, 2004, as part of the entire legislative scheme to address repeat offenders.

For example, Section 16 of Act 24 added Chapter 38 to the Vehicle Code, which governs driving after imbibing alcohol or utilizing drugs. Section 3806(b) of the Vehicle Code, "Repeat offenses within ten years," provides that the calculation of prior offenses for the purposes of, *inter alia,* penalties "shall include any conviction, . . ., acceptance of Accelerated Rehabilitative Disposition . . . within the ten years before the present violation occurred for . . . an offense under former Section 3731 . . ." 75 Pa.C.S. § 3806(b). Thus, if an ARD–DUI offender committed an offense prior to February 1, 2004, and his or her driving record was permitted to be expunged after only seven years, that offender would es-

cape the enhanced penalties applicable to repeat offenders mandated by the General Assembly when it enacted Act 24.

We point out that the General Assembly's application of Section 1534(b) to offenses committed before February 1, 2004, does not take away or impair any vested rights acquired by Hodgdon. *See Alexander v. Department of Transportation, Bureau of Driver Licensing*, 583 Pa. 592, 880 A.2d 552 (2005). The amendment to Section 1534(b) merely changes the length of time during which an ARD–DUI cannot be expunged from seven to ten years. *See Nicholson*, 550 Pa. at 32, 703 A.2d at 411 (retroactive application of laws that only vary remedies is permitted). Hodgdon still has the right to have his driving record expunged in accordance with Section 1534(b) of the Vehicle Code.

Therefore, the trial court erred in granting Hodgdon's Petition prior to the expiration of the ten year period from the date of his January 3, 2003, acceptance into the ARD program in Allegheny County.[7] Thus, DOT is correct that it is prohibited by the provisions of Section 1534(b) of the Vehicle Code from expunging Hodgdon's driving record prior to January 3, 2013, at the earliest.

Accordingly, the trial court's order is reversed.

### ORDER

AND NOW, this 30th day of March, 2011, the order of the Court of Common Pleas of Allegheny County entered in the above-captioned matter is reversed.

---

**7.** We note further that the trial court's determination that Hodgdon had a reasonable expectation that his record would be expunged in seven years is not supported by the certified record. Hodgdon did not testify before the trial court as to his expectations, the conditions of the ARD program or when he entered the ARD program. He also did not offer any testimony or documents into evidence to support the conclusion that he had successfully completed all the conditions of the ARD program.