IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heather Lynne Yucha,                      :
                  Appellant         :
                                    :   No.  1917 C.D. 2016
          v.                     :
                                    :   Submitted:  August 11, 2017
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  October 12, 2017


         Heather Lynne Yucha (Licensee) appeals from the November 9, 2016 order of the Court of Common Pleas of Northumberland County (trial court) denying her appeal from a one-year suspension of her operation privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Bureau) under section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. §1547(b)(1)(i).[1]

_____

     [1] Section 1547(b)(1)(i), commonly referred to as the Implied Consent Law, reads in pertinent part:

> (1) If any person placed under arrest for a violation of section 3802 [relating to driving under influence of alcohol or controlled substance] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the

**Background and Procedural History**

On August 4, 2016, Pennsylvania State Trooper Nathan Wenzel was traveling behind Licensee in his patrol car when he observed that her vehicle registration had expired. Trooper Wenzel initiated a traffic stop and asked Licensee for her driver's license and vehicle registration. Trooper Wenzel noted that Licensee had difficulty locating her vehicle registration and stated he smelled an odor of alcohol on her breath. Licensee admitted to consuming alcohol, but gave differing accounts as to the amount she had consumed. Trooper Wenzel conducted a breath test, which revealed a 0.132% blood alcohol content level, as well as three field sobriety tests during which he observed indicators of intoxication. Trooper Wenzel then placed Licensee under arrest and transported her back to the police barracks for chemical testing. Trooper Wenzel read the implied consent warnings from the DL-26 form to Licensee and asked her to provide a blood sample. Licensee refused to sign the DL-26 form, which Trooper Wenzel noted on the form. With regard to giving a blood sample, Licensee stated that they could take her blood if they had a warrant and indicated her knowledge of the warrant requirement in *Birchfield v. North Dakota*, __ U.S. __, 136 S. Ct. 2160 (2016).

By letter dated August 19, 2016, Bureau notified Licensee that her driving privilege would be suspended for a period of one year as a result of her chemical test refusal. Licensee timely appealed the notice of suspension. At a hearing, Trooper Wenzel testified regarding the particular circumstances of the traffic stop and

---

department shall suspend the operating privilege of the person as follows:

(i) Except as set forth in subparagraph (ii) [relating to persons with prior convictions for DUI], for a period of 12 months.

Licensee's refusal of the request for a blood test. Licensee testified on her own behalf and stated that she had one drink between the hours of 1:00 a.m. and 2:30 a.m.; that she did not believe that she had refused the chemical test; and that, as a bartender who is familiar with signs of intoxication, she did not feel she was over the legal limit.

By order dated November 9, 2016, the trial court dismissed the appeal and reinstated the license suspension. Licensee appealed, arguing that the trial court erred by: finding that the Bureau had proved the elements of section 1547; failing to find the Implied Consent Law unconstitutional in light of *Birchfield*; and failing to consider the unconstitutional conditions doctrine.

The trial court filed a statement in lieu of formal opinion. The court first reiterated the circumstances of the arrest and concluded that the totality of circumstances, including the odor of alcohol, failure of the field sobriety tests, and the positive breath test, constituted reasonable grounds to conclude that Licensee was operating her vehicle under the influence of alcohol. The court also found that Licensee was asked to submit to a chemical test by Trooper Wenzel, was warned of the consequences of refusal when he read the warnings on the DL-26 form, and that Licensee had refused by saying she would consent to the test only if the police obtained a warrant.

With regard to Licensee's constitutional argument, the trial court noted that the argument was waived, as Licensee raised it for the first time in her Rule 1925(b) statement. The court further stated that the argument would have nonetheless failed because *Birchfield* was inapplicable, citing the well-settled principle that a license suspension stemming from a refusal to submit to chemical testing is an administrative proceeding separate from a criminal DUI proceeding arising from the same incident. *Bashore v. Department of Transportation, Bureau of Driver Licensing*, 27 A.3d 272,

275 (Pa. Cmwlth. 2011). Noting the *Birchfield* Court's own emphasis that its holding did not apply to implied consent laws imposing civil penalties, the court concluded that *Birchfield* did not invalidate the Implied Consent Law since it does not impose criminal penalties.

## Discussion

On appeal,[2] Licensee renews her argument that the Implied Consent Law is unconstitutional under Article 1, Section 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution because it violates the doctrine of unconstitutional conditions[3] by requiring suspension of one's driving privilege for exercising one's Fourth Amendment rights.

Section 1547 of the Vehicle Code addresses one-year suspensions of operating privileges, stating that the Department of Transportation must prove that the party (1) was arrested by a police officer who had reasonable grounds to believe that he was operating or was in actual physical control of the movement of a vehicle while he was committing an offense under 75 Pa.C.S. §3802; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would

---

[2] Our scope of review is limited to determining whether the trial court committed an error of law, whether the trial court abused its discretion, or whether the findings of facts are supported by competent evidence. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 875 (Pa. 1989).

[3] The unconstitutional conditions doctrine "vindicates the Constitution's enumerated rights by preventing government from coercing people into giving them up," *Koontz v. St. Johns River Water Mgmt. Dist.*, __ U.S. __, 133 S. Ct. 2586, 2594 (2013), and such cases "generally arise in the context of the subdivision and land development permit approval process, where the permit is either granted with conditions or denied, and the issue is whether the conditions attached to the grant or not satisfied in the denial amount to unconstitutional exactions." *Delchester Developers v. Zoning Hearing Board of Township of London Grove*, 161 A.3d 1081, 1099 (Pa. Cmwlth. 2017).

4

result in the suspension of his operating or driving privilege and would result in his being subject to the penalties set forth in 75 Pa.C.S. §3804(c) (relating to penalties) if he were later convicted of violating 75 Pa.C.S. §3802(a)(1). *Martinovic v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005).

In *Birchfield*, the Supreme Court held that a state cannot criminally penalize a motorist for refusing to submit to a warrantless request for a blood test after being arrested for suspicion of DUI. __ U.S. __, 136 S. Ct. at 2184-85. However, the Court clarified that:

> Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. Petitioners do not question the constitutionality of those laws, and nothing we say here should be read to cast doubt on them.

*Id.* at 2185.

In *Boseman v. Department of Transportation, Bureau of Driver Licensing*, 157 A.3d 10 (Pa. Cmwlth. 2017), this Court held that the *Birchfield* rule does not apply to Pennsylvania's Implied Consent Law because a license suspension for refusal to submit to chemical testing is a separate civil proceeding from a criminal DUI proceeding arising from the same incident, and the Implied Consent Law does not impose criminal penalties for refusing chemical testing. 157 A.3d at 21.

Here, Licensee acknowledges the Supreme Court's statement in *Birchfield* that its holding does not apply to implied consent laws imposing civil penalties and evidentiary consequences, but requests that we disregard it as non-binding dicta. Licensee also acknowledges this Court's holding in *Boseman*, but argues that it, too, is inapplicable because it did not address whether the Implied Consent Law was unconstitutional.

5

However, as the trial court correctly noted, Licensee waived her constitutional argument by raising it for the first time on appeal in her Rule 1925(b) statement. Pa.R.A.P. 302(a); s*ee In re: Oren*, 159 A.3d 1023, 1026 (Pa. Cmwlth. 2017) (finding waiver where an appellant raised an issue for the first time in a Rule 1925(b) statement).

Moreover, Licensee's argument, even if not waived, would fail as it is identical to one this Court recently considered and rejected in *Marchese v. Commonwealth*, __ A.3d __ (Pa. Cmwlth., No. 1996 C.D. 2016, filed September 13, 2017).

There, the licensee likewise argued that the Implied Consent Law violated the Fourth Amendment and the unconstitutional conditions doctrine by requiring a motorist to surrender his constitutional right to refuse a warrantless seizure of his blood in order to operate a motor vehicle on the highways of Pennsylvania. We rejected this argument, stating:

> It is well settled in Pennsylvania that driving is a privilege, not a property right. *Plowman v. Dep't of Transp., Bureau of Driver Licensing*, 635 A.2d 124 (Pa. 1993); *Alexander v. Dep't of Transp., Bureau of Driver Licensing*, 880 A.2d 552 (Pa. Cmwlth. 2005). To obtain the benefit of such a privilege, a driver must abide by the laws of the Commonwealth relating to the privilege.
>
> . . .
>
> The *Birchfield* Court noted that efforts to combat drunk driving across the nation, including implied consent laws, have been remarkably successful. All 50 states have adopted implied consent laws that require motorists, as a condition of driving within the state, to consent to blood alcohol testing following an arrest for suspicion of DUI. *Birchfield*. Suspension or revocation of the motorist's driver's license remains the standard legal consequence for refusal. *Id.*

6

Therefore, because a license suspension under Pennsylvania's Implied Consent Law does not involve criminal penalties and thus does not implicate Fourth Amendment rights, a warrantless request for a blood test under the Implied Consent Law, based upon a reasonable suspicion of DUI, does not violate the Fourth Amendment or the unconstitutional conditions doctrine.

. . .

The touchstone of Fourth Amendment analysis is reasonableness. *Birchfield*. Here, Pennsylvania's Implied Consent Law subjects a Pennsylvania resident seeking a driver's license to the reasonable condition of an implied consent to chemical testing under pain of civil license suspension following a DUI arrest. In accord with the Commonwealth's legitimate objective of combatting drunk driving, it may reasonably condition continuation of an operator's driving privilege upon the requirement to submit to a warrantless blood test following an arrest for DUI under pain of a civil license suspension. *Birchfield*; *Boseman*. The purpose of the exclusionary rule for Fourth Amendment violations is to deter police officials from engaging in improper conduct for the purpose of obtaining criminal convictions. The Implied Consent Law does not authorize police officers to seize a person's blood without permission; instead, it imposes an ultimatum upon the DUI arrestee to either submit to the test or face the civil consequences. As such, a civil license suspension under the Implied Consent Law does not implicate Fourth Amendment rights. *Birchfield*; *Boseman*. Consequently, the unconstitutional conditions doctrine is inapplicable here.

*Marchese*, __ A.3d __, slip op. at 10-13 (some internal citations omitted).[4]

Accordingly, because the disposition of this argument, even if properly raised, would require dismissal under our holding in *Marchese*, we affirm. We grant

---

[4] *But see Gray v. Department of Transportation, Bureau of Driver Licensing*, (Pa. Cmwlth., Nos. 1759 and 1760 C.D. 2016, filed June 9, 2017), 2017 WL 2536439 (McCullough, J., concurring) (noting disagreement with application of *Birchfield*).

7

the Bureau's request to reinstate its one-year suspension of Licensee's operating privilege pursuant to section 1547(b)(1)(i) of the Vehicle Code.[5]

_____

PATRICIA A. McCULLOUGH, Judge

---

[5] By order dated November 21, 2016, the trial court stayed its order reinstating Licensee's suspension pending final resolution of her appeal to this Court. *See* Certified Record, at Item No. 8.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heather Lynne Yucha, :
               Appellant :
  :  No.  1917 C.D. 2016
        v. :
  :
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing :

## ***ORDER***

AND NOW, this 12th day of October 2017, the order of the Court of Common Pleas of Northumberland County, dated November 9, 2016, is hereby affirmed.  Further, the Department of Transportation, Bureau of Driver Licensing, is directed to reinstate the one-year suspension of Heather Lynne Yucha's operating privilege.

 

_____
PATRICIA A. McCULLOUGH, Judge