IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David A. Kocis, : 
: No. 31 C.D. 2016
Appellant : Submitted: May 27, 2016
:
v. :
:
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  August 3, 2016


David A. Kocis (Licensee) appeals from the order of the Court of Common Pleas of Carbon County (trial court), which denied his appeal from the one-year suspension of his operating privilege imposed by the Department of Transportation (Department) in accordance with Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa.C.S. §3804(e)(2)(i) (relating to suspension based upon a conviction for driving under the influence of alcohol (DUI)).  We affirm.

On March 15, 2014, Licensee was charged in Carbon County with violating Section 3802(a)(1) of the Vehicle Code.[1]  On June 1, 2014, Licensee was

---

[1] Section 3802(a)(1) states that an individual "may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."  75 Pa.C.S. §3802(a)(1).

again charged with violating Section 3802(a)(1) in Columbia County. When Licensee was charged with these offenses, Section 3806(b) of the Vehicle Code stated as follows:

> (b) Repeat offenses within ten years—**The calculation of prior offenses for purposes of sections . . . 3804 (relating to penalties) shall include any conviction**, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition **within the ten years before the present violation occurred** for any of the following:   (1) An offense under section 3802 . . . .

*Former* Section 3806(b), 75 Pa.C.S. §3806(b) (emphasis added).

However, before Licensee was sentenced for either of those offenses, the General Assembly enacted the Act of October 27, 2014, P.L. 2905, No. 189 (Act 2014-189), which amended Section 3806(b) of the Vehicle Code.  As amended, Section 3806(b) now states:

> (b) Repeat offense within ten years.—**The calculation of prior offenses for purposes of sections . . . 3804 (relating to penalties) shall include any conviction**, whether or not judgment of sentence has been imposed for the violation, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition **within the ten years before the <u>sentencing on the present violation</u>** for any of the following:   (1) An offense under section 3802 . . . .

75 Pa.C.S. §3806(b) (emphasis added).  Thus, the amendment changed the "look back" date used to determine whether a separate event may be considered a "prior offense" in assessing penalties under Section 3804.[2]  Whereas the calculation of a

---

[2] In relevant part, Section 3804 (penalties) states as follows:

**(Footnote continued on next page…)**

2

**(continued…)**

**(a)** *General impairment. --*

Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:

**(1)** For a first offense, to:

**(i)** undergo a mandatory minimum term of six months' probation;

**(ii)** pay a fine of $300;

**(iii)** attend an alcohol highway safety school approved by the department; and

**(iv)** comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

**(2)** For a second offense, to:

**(i)** undergo imprisonment for not less than five days;

**(ii)** pay a fine of not less than $300 nor more than $2,500;

**(iii)** attend an alcohol highway safety school approved by the department; and

**(iv)** comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

\* \* \*

**(e)** *Suspension of operating privileges upon conviction.*

**(1)** The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:

**(i)** an offense under section 3802; or

**(ii)** an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under Article III of the compact in section 1581 (relating to Driver's License Compact).

**(Footnote continued on next page…)**

prior offense under the former version of the statute included any conviction within ten years before the *present violation*, the calculation under the amended provision includes any conviction within ten years before the *sentencing on the present violation*. Section 2 of Act 2014-189 provides that the amendment of Section 3806(b) "shall apply to persons sentenced on or after [December 26, 2014,] the effective date of this section."

On January 12, 2015, Licensee was convicted of the June 1, 2014 violation of Section 3802(a)(1). Because Licensee had yet to be convicted for the earlier DUI charge, he did not have any prior offenses as that term is defined in Section 3806(b), and he was sentenced for a first offense under Section 3804(a)(1). In accordance with the statutory exception to suspension contained in Section 3804(e)(2)(iii), the Department did not impose a suspension for this conviction.

Subsequently, on February 24, 2015, Licensee was convicted of the March 2014 violation of Section 3802(a)(1). The Carbon County criminal court

---

**(continued…)**

>       **(2)** Suspension under paragraph (1) shall be in accordance with the following:
>
>       **(i)** Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.
>
>       **(ii)** 18 months for a misdemeanor of the first degree under this chapter.
>
>       **(iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.**

75 Pa.C.S. §3804(a)(1)-(2), (e)(1)-(2) (emphasis added).

4

declined to apply the recently amended version of Section 3806(b) to Licensee's criminal case and also sentenced him as a first offender. However, by notice dated April 14, 2015, the Department informed Licensee that, because his January 12, 2015 conviction was a "prior offense" under Section 3806(b), his operating privilege would be suspended for one year in accordance with Section 3804(e)(2)(i).

Licensee appealed to the trial court, which conducted a *de novo* hearing. Licensee argued that he was eligible for the statutory exception to suspension contained in Section 3804(e)(2)(iii) because on March 15, 2014, *the date of the underlying offense*, he had no prior DUI offenses. The Department responded that Licensee's previous conviction [on January 12, 2015] of his second [June 1, 2014] offense was properly considered a prior offense under Section 3806(b), and, as a result, Licensee was not eligible for the statutory exception to suspension.

By order dated December 14, 2015, the trial court denied Licensee's appeal and held that the current version of Section 3806(b) applied and required that Licensee's operating privileges be suspended for one year. In its opinion, the trial court observed that its review was strictly limited to the civil consequences of Licensee's convictions that were imposed by the Department. The trial court further concluded that a one-year suspension of Licensee's operating privilege is a civil sanction that does not violate the *ex post facto* provisions of the United States or Pennsylvania Constitutions and emphasized that the denial of Licensee's license suspension appeal had no effect on his underlying criminal case.

On appeal to this Court,[3] Licensee argues that the trial court erred by applying the amended version of Section 3806(b) to his driver's license suspension appeal rather than the language that was in effect at the time he committed the underlying offense.

Licensee notes that the certified conviction report, form DL-21, executed by the Carbon County Clerk of Courts reflects that, following his Carbon County DUI conviction, he was sentenced under Section 3804(a)(1) (penalties for first-time offenders). Citing *Gigous v. Department of Transportation, Bureau of Driver Licensing*, 4 A.3d 716 (Pa. Cmwlth. 2010), Licensee asserts that, where the DL-21 form reflected that he had no prior offenses, and Section 3804(e)(2)(iii) provides that an individual convicted of an ungraded misdemeanor with no prior offenses is exempt from a license suspension, the Department erred by ignoring the DL-21 form and suspending his operating privileges.

The licensee in *Gigous* was charged with DUI in April 2006. While those charges were pending, the licensee was charged with a second DUI in May 2007. In August 2007, the licensee was placed in Alternative Rehabilitative Disposition for the 2007 offense. Thereafter, in 2008, the licensee pled guilty to the 2006 offense. Based on these facts, the Department suspended the licensee's operating privileges for twelve months pursuant to Section 3804(e)(2)(i) for the 2006 offense. Ultimately, however, applying the plain language of the *former*

---

[3] Our scope of review in an appeal of a license suspension after a *de novo* hearing by the trial court is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Rothstein v. Department of Transportation, Bureau of Driver Licensing*, 922 A.2d 17, 19 n.6 (Pa. Cmwlth. 2006). Where, as in this case, the material facts are undisputed, (Licensee's Brief at 2; Department's Brief at 6 n.1), the appeal presents a pure question of law and our scope of review is plenary. *Id.*

6

version of Section 3806(b), we held that, at the time of his 2006 offense, the licensee had no prior DUI offenses requiring a suspension of his license.

Importantly, *Gigous* was decided under the prior version of Section 3806(b). In making this argument, Licensee disregards the fact that the statutory definition of "prior offenses" applied in this case measures the ten-year period from the date of *sentencing* on the present violation, not from the date of the underlying offense. Accordingly, Licensee's reliance on *Gigous* is misplaced, and this argument necessarily fails.

Licensee next contends that the amended version of Section 3806(b) cannot be applied retroactively to prior conduct. However, he acknowledges the contrary decision in *Alexander v. Commonwealth*, 880 A.2d 552 (Pa. 2005). In *Alexander,* our Supreme Court addressed the issue of whether, under the former version of the Vehicle Code, "[a] driver whose previous DUI convictions predate the effective date of the Interlock Law,[4] but whose latest DUI occurred after the effective date, may, as a consequence of the latest conviction, be subject to the recidivist provisions of the Interlock Law, or whether the imposition of the interlock requirement in such an instance constitutes an impermissibly retroactive application of the statute." *Id.* at 557. The court emphasized that "a statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment." *Id.* at 559 (citation omitted). The court concluded that the application of the Interlock

---

[4] *Former* 42 Pa.C.S. §§7001-7003 required courts to order the installation of ignition interlock devices as a condition of license restoration for serial offenders.

7

Law to the licensee did not violate any restriction on the retroactive application of statutes or implicate any substantive rights, explaining in part as follows:

> The General Assembly did not expressly state that the Interlock Law is to be applied retroactively. Thus, an ignition interlock requirement could not be imposed as a licensing restriction for a DUI conviction which occurred before the effective date of the Interlock Law--such as, for example, appellee's second DUI conviction in 1994. But that is not the issue posed in this appeal. The Department's interlock notification in this case was occasioned by appellee's **third** DUI conviction, which arose after enactment of the Interlock Law.... It is not the two previous DUI convictions that have exposed appellee to the interlock requirement; it is his third conviction, occurring after passage of the Law, which brings him within its purview.
>
> The statute does not reach into the past and increase the punishment, or the civil consequences, of concluded DUI convictions. Rather, it takes the recidivist DUI defendant as it finds him after the post-Interlock Law DUI conviction.... There is no doubt that the Interlock Law imposes a licensing consequence for recidivist DUI offenders that is greater than the licensing consequence such recidivist offenders faced prior to the enactment of the statute. However, the statute does not look back and enhance the punishment recidivist DUI offenders received for their prior DUI convictions. Instead, the enhanced consequence applies solely with respect to those DUI convictions occurring after the effective date of the law....

880 A.2d at 559-560 (emphasis in original). Similarly, as to Licensee, Section 3806(b) applies to a conviction that occurred after the effective date of the amendment.

Licensee contends that *Alexander* is distinguishable because *both* of his DUI offenses occurred prior the amendment of Section 3806(b), thereby

8

making the law retroactively applied in his case. However, as the Department observes, Pennsylvania courts have previously rejected this argument in cases under Section 3805 of the Vehicle Code, involving the requirement to install interlock ignition devices. *Schrankel v. Department of Transportation, Bureau of Driver Licensing*, 755 A.2d 690, 692 (Pa. 2000); *Martz v. Department of Transportation, Bureau of Driver Licensing*, 924 A.2d 745, 749 (Pa. Cmwlth. 2007). In *Schrankel*, the licensee's DUI offense predated the enactment of the Driver's License Compact,[5] but the licensee was convicted after the statute was enacted. The Supreme Court upheld the Department's imposition of a one-year license suspension, explaining that while commission of a DUI offense is a necessary component for license suspension, the triggering event is the date of conviction. *Id.* at 692. In *Martz,* the court held that the mere fact that the prior conviction occurred before the effective date of the statute was not dispositive; the licensee's prior conviction was simply a condition that the statute depended upon, and the statute's dependence on a prior offense that occurred before the statute was enacted did not render the statute retroactive. *Id.* at 749.

The Department argues that, as in *Schrankel,* Section 3806(b) is not retroactively applied in this instance because the triggering event for Licensee's suspension was the second DUI *conviction*, which occurred after the amendment was enacted. We agree. *Schrankel*; *Martz.*

Finally, we address Licensee's contention that the amended version of Section 3806(b) violates the *ex post facto* provisions of the United States or Pennsylvania Constitutions. Licensee acknowledges that the license suspension was a civil consequence of his conviction, not a criminal penalty. Nevertheless,

---

[5] 75 Pa.C.S. §§1581-1586.

9

although he does not elaborate, Licensee maintains that the mere fact that a civil consequence is at issue does not preclude an *ex post facto* analysis.

In *Frederick v. Department of Transportation, Bureau of Driver Licensing*, 802 A.2d 701 (Pa. Cmwlth. 2002), we held that the application of section 7002 of the Judicial Code, 42 Pa.C.S. §7002, requiring courts to order the installation of an approved ignition interlock system on each vehicle owned by repeat DUI offenders, did not violate the prohibition against *ex post facto* laws contained in the United States Constitution. We explained:

> In order for a law to transgress the *ex post facto* prohibition, the law must retrospectively alter the definition of criminal conduct or retrospectively increase the penalty by which a crime is punishable. Thus the *ex post facto* prohibition applies only to statutes which involve the imposition of penal sanctions. In determining whether a law is penal, courts look to the purpose of the statute. Where the statute imposes a disability to accomplish some legitimate government purpose other than to punish, the statute is not considered penal.
>
> It is readily apparent that the disability imposed by Section 7002(b) [of the Judicial Code, 42 Pa.C.S. §7002] is not penal. The required installation of ignition interlock systems is designed to keep the streets safe from the danger posed by intoxicated drivers, not to serve as an additional punishment to the offender. **To the extent that Section 7002(b) continues a license suspension, Pennsylvania courts have repeatedly held that a DUI offender's loss of driving privileges is not a criminal penalty.**

*Id.* at 704 (citations omitted) (emphasis added). Because it is well settled that a DUI offender's license suspension is not a criminal penalty, we reject Licensee's contention that the suspension imposed under Section 3804(e) of the Vehicle Code following his February 24, 2015 conviction and sentencing for the March 2014

10

violation of Section 3802(a)(1) violates *ex post facto* clauses of the Pennsylvania[6] or United States Constitution.[7]

Accordingly, we affirm the trial court's order.

_____
MICHAEL H. WOJCIK, Judge

---

[6] "No *ex post facto* law, nor any law impairing the obligations of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." Pa. Const., art. 1, §17.

[7] "No state . . . shall pass any Bill of Attainder, *ex post facto* Law, or Law impairing the Obligation of Contracts . . . ." U.S. Const., art. 1, §10.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David A. Kocis,  :
:  No. 31 C.D. 2016
               Appellant  :
:
         v.  :
:
Commonwealth of Pennsylvania,  :
Department of Transportation,  :
Bureau of Driver Licensing  :


O R D E R


AND NOW, this 3<u>rd</u> day of <u>August</u>, 2016, the order of the Court of Common Pleas of Carbon County, dated December 15, 2015, is affirmed.


_____
MICHAEL H. WOJCIK, Judge