## COMMONWEALTH of Pennsylvania, Appellee,

v.

## John Michael JAVIT, Appellant.

Superior Court of Pennsylvania.

Submitted April 12, 1999.

Filed July 13, 1999.

John F. Siford, Asst. Public Defender, Hollidaysburg, for appellant.

Douglas J. Keating, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before CAVANAUGH and STEVENS, JJ., and CIRILLO, President Judge Emeritus.

CAVANAUGH, J.:

¶ 1 The issue presented in this appeal is whether a person who holds a probationary license pursuant to 75 Pa. C.S.A. § 1554 may be convicted of driving while operating privilege is suspended or revoked (D.U.I.-related) on the basis of violation of the hours of restriction on use (6 a.m. to 7 p.m.) of the probationary license. We hold in the affirmative and, therefore, affirm the judgment of sentence.

¶ 2 Appellant was issued a probationary license, pursuant to 75 Pa.C.S.A. § 1554, on August 19, 1997. The probationary license was issued at a time that appellant's operating privilege was under suspension. Due to numerous violations of the Motor Vehicle Code, including violations for driving under the influence of alcohol, appellant's license had been suspended until the year 2004 at the time he was issued the probationary license by the Department of Transportation. Under the terms of § 1554, persons whose operating privileges have been suspended or revoked are eligible for a probationary license after serving and earning credit toward serving a requisite term of suspension. 75 Pa. C.S.A. § 1554(b)(2). In relevant part, the statute provides as follows:

(a) Issuance—Unless otherwise prohibited under any other provision in this section, the department may issue a probationary license under this section to a person who has been designated as a habitual offender under section 1542 (relating to revocation of habitual offender's license) and whose operating privilege has been revoked, or to a person with an accumulation of suspensions or revocations wherein the cumulative term of suspension or revocation is five or more years. The department may issue a probationary license for the operation of only a class C noncommercial motor vehicle.

(b) Petition—(1) An applicant for a probationary license must file a petition with the department, by certified mail, setting forth in detail the need for operating a motor vehicle. The petition shall be on a form prescribed by the department and shall identify the specific motor vehicles the petitioner seeks permission to operate. The petition shall include the operator's name, address and operator number, and proof of financial responsibility. The department may require additional information as well as verification of the information contained in the petition. All fines, costs and restoration fees must be paid at the time of the petition.

(2) Before being eligible to petition for a probationary license, a person must have served and earned credit toward serving the following terms of suspension or revocation for offenses enumerated in sections 1532 (relating to revocation or suspension of operating privilege), 1539 (relating to suspension of operating privilege on accumulation of points) and 1543 (relating to driving while operating privilege is suspended or revoked):

(i) A person with one to seven offenses must have earned credit for at least a three-year term of suspension or revocation.

(ii) A person with 8 to 14 offenses must have earned credit for at least a four-year term of suspension or revocation.

(iii) A person with 15 to 21 offenses must have earned credit for at least a five-year term of suspension or revocation.

(iv) A person with 22 or more offenses must have earned credit for at least a six-year term of suspension or revocation.

(3) The applicant must prove to the satisfaction of the department that the applicant has not driven a motor vehicle

during the minimum period of suspension or revocation.

\* \* \*

(h) Restrictions on use of probationary license—

(1) For the first three years after initial issuance of a probationary license, the person who has been issued the probationary license shall operate only the specific motor vehicles identified in the petition filed with the department and only between the hours of 6 a.m. and 7 p.m. or such later hour as may be agreed to by the department.

(2) Any person who violates the conditions of issuance or restrictions of a probationary license commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $500, and the department shall recall the probationary license for a period of one year.

75 Pa.C.S.A. § 1554(a), (b), (h).[1]

¶ 3 The facts of the case are that on November 4, 1997, at 12:45 a.m., appellant was stopped by an officer of Greenfield Township Police Department while operating his motor vehicle after he was observed by the officer weaving in his lane of travel, turning a wide corner, going onto the berm several times, and almost striking a vehicle in the opposing lane. The officer detected the odor of alcohol on appellant's person and observed that his eyes were very watery. As appellant exited his vehicle to perform a field sobriety test he stumbled and began to fall; the officer caught him before he fell. Appellant failed the field sobriety test and was transported to a hospital for a blood alcohol content (BAC) test. The test result was .238% BAC by weight, greater than the legal limit of .10%. Appellant was charged with driving while under the influence of alcohol, 75 Pa.C.S.A. §§ 3731(a)(1), (a)(4), and (a)(5), driving while under suspension with D.U.I., 75 Pa.C.S.A. § 1543, and the summary offense of careless driving, 75 Pa. C.S.A. § 3714.

¶ 4 At 11:15 p.m. on November 4, 1997, appellant was stopped by the chief of Greenfield Township Police Department after he was observed driving over the center lane, weaving back and forth and driving off the berm of the roadway. Appellant's blood was tested at the hospital and the result was .194% BAC. Appellant was charged with driving under the influence of alcohol, 75 Pa.C.S.A. §§ 3731(a)(1), (a)(4), (a)(5), driving while under suspension with D.U.I., 75 Pa.C.S.A. § 1543(b)(1), (2), and the summary offenses of failing to drive on the right side of the road, 75 Pa.C.S.A. § 3301, and restriction on alcoholic beverages, 75 Pa.C.S.A. § 3715.

¶ 5 On May 3, 1998, at 9:25 p.m., appellant was stopped while operating his vehicle by a member of the Altoona Police Department. The officer had observed appellant go through a steady red light and weave as he entered an expressway ramp. The officer observed appellant, after the stop, to have reddened and glassy eyes, a strong odor of alcohol on his breath and person, and slurred speech. Appellant was unable to identify his license in his wallet and unable to unlock his glove compartment. As appellant exited his vehicle he was unsteady on his feet and used his car to maintain his balance. Appellant refused to perform a field sobriety test and refused to undergo a blood test. Appellant was charged with driving under the influence of alcohol, 75 Pa.C.S.A. § 3731(a), driving while under suspension with D.U.I., 75 Pa.C.S.A. § 1543, and the summary offenses of careless driving, 75 Pa.C.S.A. § 3714, and traffic control signals, 75 Pa.C.S.A. § 3112.

¶ 6 Appellant filed a pre-trial motion to dismiss the three charges of driving under suspension D.U.I. related, 75 Pa.C.S.A. § 1543(b), on the basis of his having the probationary license at the time of the three arrests. He did not seek dismissal

---

1. This statute was amended on December 21, 1998. The amendments take effect in one year from that date and, therefore, have no bearing on the instant appeal.

of any of the other charges. After conducting a hearing on the motion to dismiss, the lower court entered an order on July 23, 1998, denying the motions. Thereafter, on September 29, 1998, appellant stipulated to the facts as stated in the three complaints, and the lower court sitting without a jury found appellant guilty of all charges. Appellant was sentenced to ninety days incarceration on each of the driving under suspension charges, with the sentences to run concurrent with each other. Appellant was sentenced to thirty days to twenty-three months incarceration on each of the driving under the influence charges, with the sentences to run concurrent with each other, but consecutive to the ninety-day terms for the driving under suspension charges. Monetary fines and costs of prosecution were also assessed against appellant.

¶ 7 A timely appeal from the judgments of sentence was taken to this court. The sole issue on appeal is presented as follows:

> WHETHER THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS THE DRIVING UNDER SUSPENSION (DUI–RELATED) CHARGES DUE TO APPELLANT'S POSSESSION OF A VALID PROBATIONARY LICENSE AT THE TIMES HE WAS CHARGED?

¶ 8 Appellant argues that, since he had been issued the probationary license, his license was no longer under suspension. He posits that the only sanctions legally available to the Commonwealth under the factual circumstances is the summary offense and recall of the probationary license provided for in § 1554(h)(2), quoted above in full.

¶ 9 We reject the restricted reading of the range of sanctions advocated by appellant. Section 1554(h)(2) specifies the penalties for one convicted of violating the conditions of issuance or restrictions of the probationary license. However, appellant was not charged in the instant proceedings with violating the conditions or restrictions of the probationary license; he was charged with violation of 75 Pa.C.S.A. § 1543(b).

¶ 10 We further reject the argument that mere issuance of the probationary license serves to negate the existence of the suspension (without which appellant would not have been eligible for the probationary license). Appellant's license remained suspended during the time period he had the probationary license. By operating his vehicle during times of the day outside the hours of between 6 a.m. and 7 p.m., appellant operated his vehicle while his license was suspended and for which he had no permission under the terms of the probationary license. Absent the permission for appellant to operate his vehicle as stipulated by the restrictions of the probationary license, appellant's operating privileges remained suspended.

¶ 11 The possession of a probationary license is not the equivalent of restoration of appellant's full operating privileges. Just as the penalty of suspension of operating privileges cannot be circumvented by possession of a valid out-of-state license, *Commonwealth v. Claar*, 152 Pa.Cmwlth. 153, 618 A.2d 1140, (1992), suspension is not terminated by the possession of the in-state probationary license. Since appellant's operating privileges had not been fully restored at the time of his three infractions, he was properly convicted of violation of § 1543.

¶ 12 Judgment of sentence affirmed.