J. A26008/15

2015 PA Super 251

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :        PENNSYLVANIA
            v.                :
                              :
NATHAN ALLEN KRIEGLER,        :      No. 62 MDA 2015
                              :
            Appellant         :

Appeal from the Judgment of Sentence, December 11, 2014,
in the Court of Common Pleas of Centre County
Criminal Division at No. CP-14-SA-0000046-2014

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND PLATT,* JJ.

OPINION BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 01, 2015**

Nathan Allen Kriegler appeals from the judgment of sentence entered on December 11, 2014, following his conviction of driving while operating privilege is suspended or revoked, driving under the influence ("DUI")-related, 75 Pa.C.S.A. § 1543(b)(1).[1]

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The offense of driving under DUI-related suspension is set forth in 75 Pa.C.S.A. § 1543(b)(1), as follows:

> **(b)   Certain offenses.--**
>
> (1)   **A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended** or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802

The trial court has provided the following relevant facts:

> In the instant matter, Appellant was pulled over by Officer Shawn Slater on March 16, 2014, while he was operating a black Chevrolet four door sedan. Upon pulling Appellant over, Officer Slater discovered he held an occupational limited license[2]

> (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 **shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days**. (Emphasis added.)

[2] An occupational limited license ("OLL") is defined in the Vehicle Code as "a license, issued under this title to a driver whose operating privileges have been suspended, to permit the operation of a motor vehicle under certain conditions, when necessary for the driver's occupation, work, trade or study." 75 P.S. § 102. The Department of Transportation is authorized, in certain circumstances, to grant restricted or limited driving privileges to alleviate the hardships of a DUI-related suspension. 75 Pa.C.S.A. § 1553. The issuance of an OLL is not automatic. There are strict eligibility requirements. The holder of an OLL must comply with conditions and restrictions of issuance. 75 Pa.C.S.A. § 1553(f) provides:

> (f)  Restrictions.--A driver who has been issued an occupational limited license shall observe the following:

> (1) The driver shall operate a designated vehicle only:

as the result of a DUI-related suspension. When Officer Slater spoke to Appellant about his license, Appellant acknowledged he was not on his way to or from work but alleged he had recently taken over driving duties from his daughter, who was suffering from a migraine.

Appellant's license [had previously been] suspended effective May 7, 2013 as a result of a conviction of 75 Pa.C.S.A. §3802(d) on July 18, 2013. He was issued an occupational limited license on September 11, 2013 pursuant to 75 Pa.C.S.A. §1553. Under the terms of 75 Pa.C.S.A. §1553(f), the holder of an occupational limited license shall

---

    (i)    Between the driver's place of residence and place of employment or study and as necessary in the course of employment or conducting a business or pursuing a course of study where the operation of a motor vehicle is a requirement of employment or of conducting a business or of pursuing a course of study.

    (ii)   **To and from a place for scheduled or emergency medical examination or treatment**. This subparagraph includes treatment required under Chapter 38 (relating to driving after imbibing alcohol or utilizing drugs). (Emphasis added.)

Driving in violation of one of the restrictions or conditions of an OLL constitutes a summary offense punishable by a $200 fine and the revocation of the OLL. 75 Pa.C.S.A. § 1553(f)(3).

> operate a vehicle only to and from a place of employment or school; as necessary "in the course of employment or conducting a business or purs[u]ing a course of study where the operation of a motor vehicle" is necessary or required and; to or from a place for "scheduled or emergency medical examination or treatment."

Trial court opinion, 3/20/15 at 1-2.

Appellant was charged with driving under DUI-related suspension. A non-jury trial was held on November 3, 2014. At trial,

> Appellant agree[d] he was not on his way to or from his employment or operating the vehicle as required in the course of said employment. Appellant is also not currently enrolled in any form of educational program. Although Appellant and his daughter both testified he had taken over driving after she developed a migraine, neither party alleged they were on their way to a doctor's office, an emergency room, an urgent care center, or any other such place to obtain emergency medical examination or treatment. In fact, all witnesses agreed Appellant's daughter was able to and in fact did drive the vehicle from the scene after Appellant was issued a citation.

*Id.*

At the close of the Commonwealth's evidence, appellant's counsel moved to dismiss the driving under DUI-related suspension charge, which was denied. (Trial transcript, 11/3/14 at 14; R.R. at R21.) Appellant was found guilty of driving under DUI-related suspension and sentenced to a term of imprisonment of 60 days in the Centre County Correctional Facility and a $500 fine, plus costs. Appellant filed a timely notice of appeal on January 7, 2015. The trial court ordered appellant to submit a concise

statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b); and appellant complied with this order on March 11, 2015. The trial court has filed an opinion.

Appellant raises the following issues for review:

1. Did the trial court err in finding that the evidence was sufficient for a conviction of Driving While Operating Privilege is Suspended or Revoked in violation of 75 Pa.C.S.A. § 1543?

2. Did the trial court err in convicting Appellant of the more general Vehicle Code violation of 75 Pa.C.S.A. § 1543 when the Appellant should have been convicted of the more specific crime of Misuse of an Occupational Limited License under 75 Pa.C.S.A. § 1553?

Appellant's brief at 4.

## I.

We first address appellant's second issue in which he raises the "general/specific rule." This principle is outlined in 1 Pa.C.S.A. § 1933:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. **If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision**, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933 (emphasis added).

- 5 -

Appellant argues that under this rule he should have been charged with and convicted of the "more specific" and "lesser" offense of violating the conditions/restrictions of an OLL under 75 Pa.C.S.A. § 1553(f)(3) (which carries a $200 fine and loss of the OLL), not the "more general" offense of driving under DUI-related suspension, 75 Pa.C.S.A. § 1543(b)(1) (which carries with it a fine of $500 and sentence of imprisonment for a period of not less than 60 days nor more than 90 days). Appellant contends that § 1553(f)(3) addresses a distinct subset of circumstances while § 1543(b)(1) addresses a general category of criminal activity. Therefore, the trial court was obligated to find him guilty of the more specific crime of misuse of an OLL.

First, we note that the "general/specific rule" of statutory construction in the context of criminal prosecutions has been abrogated. In 2002, the legislature enacted 42 Pa.C.S.A. § 9303, which provides:

> Notwithstanding the provisions of 1 Pa.C.S. § 1933 (relating to particular controls general) or any other statute to the contrary, **where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes**.

42 Pa.C.S.A. § 9303 (emphasis added). ***Commonwealth v. Karetny***, 880 A.2d 505 (Pa. 2005). ***See also***, ***In re N.W.***, 6 A.3d 1020 (Pa.Super. 2010) (noting abrogation of the "general/specific rule" and holding that where juvenile's conduct violated criminal provisions related to graffiti,

18 Pa.C.S.A. § 3304(a)(4), and general criminal mischief, 18 Pa.C.S.A. § 3304(a)(5), which requires only the intentional damage of real or personal property of another, the Commonwealth was permitted to charge him under both of these provisions). Therefore, appellant's reliance on this rule is erroneous.

In any event, we do not agree with appellant that § 1543(b)(1) and § 1553(f)(3) irreconcilably conflict. Section 1543(a) provides that any person who drives while his license is suspended is guilty of a summary offense and subject to a $200 fine. Under § 1543(b)(1), a person who drives while his license **is DUI-suspended**, is guilty of a summary offense and subject to imprisonment for 60 days and a $500 fine. Obviously, the legislature's intent was to stiffen the penalty for driving while under DUI-suspension.

When a driver with a DUI-suspension violates a condition or restriction of his OLL under § 1553(f)(3), he is, in effect, driving under DUI-suspension (since he is driving outside the permissible confines). His conduct in that instance violates both § 1543(b)(1) and § 1553(f)(3). It is well settled that a single course of conduct may constitute a violation of more than one statutory provision. *In re N.W.*, 6 A.3d at 1026 n.4. It is entirely appropriate to charge and convict under the stiffer penalty provisions of § 1543, which pertain to driving under DUI-suspension. There is nothing to suggest that persons who have a DUI-suspended license who have also been

granted the privilege of an OLL should be treated more leniently than they otherwise would have, when found to have violated the conditions of their OLL. To turn around and reduce the penalty for driving under DUI-related suspension to a $200 fine under § 1553(f)(3) is not what the legislature intended and would be inconsistent with the purpose of § 1543 which is to protect the public from people who have proven themselves to be a threat to others on our public highways by driving under the influence.

Appellant argues that the legislature imposed a specific offense of misuse of an OLL under § 1553 to impose a "graduated system of penalties so as not to incarcerate slight offenders and overburden prison facilities." (Appellant's brief at 21-22.)

He relies on **Commonwealth v. Gordon**, 897 A.2d 504 (Pa.Super. 2006), and **Commonwealth v. Tisdale**, 100 A.3d 216 (Pa.Super. 2014). In **Gordon**, the defendant was found to be in possession of 8.75 grams of marijuana. Out of this one incident, he was charged with: (1) violation of 35 P.S. § 780-113(31), proscribing the possession of a small amount of marijuana,[3] and (2) violation of the general proscription against possession of a controlled substance as defined in 35 P.S. § 780-113(16). The trial court found him guilty of the more serious of these charged offenses which

---

[3] Thirty grams is the benchmark that the legislature defines as "a small amount of marijuana."

carried with it a harsher penalty.[4]  This court held that the legislature, by including Subsection (31) in Section 780-113 of the proscribed conduct section of the Drug Act, clearly separated out the specific crime of possession of a small amount of marijuana, and created a "graduated system of penalties" that imposes far heavier punishment for traffickers and lesser sanctions for casual users of marijuana.

> In our view, the General Assembly, by including subsection (31) in section 780-113 of the proscribed conduct of the Act, wisely set out the specific crime of possession of a small amount of marijuana, and created a graduated system of penalties that imposes far heavier punishment for traffickers and lesser sanctions for casual users of marijuana.

*Gordon*, 897 A.2d at 509.

We remanded the matter for the trial court to sentence the defendant under the lesser amount statute, as the legislature clearly intended that a small amount of marijuana be separately and less severely punishable than possession of a controlled substance.

Similarly, in *Tisdale*, the defendant was arrested with 8.64 grams of marijuana.  He was convicted of possession under Subsection (16).  He argued on appeal he should have been convicted for possession of a small

---

[4] Anyone who violates § 780-113(16) is guilty of a misdemeanor and will be sentenced to imprisonment not exceeding **one year** or to pay a fine not exceeding **$5,000**.  Anyone who violates Clause (31) of Subsection (a) is guilty of a misdemeanor and will be sentenced to imprisonment not exceeding **30 days**, or to pay a fine not exceeding **$500**, or both.

amount of marijuana under the more specific Subsection (31). We agreed that the legislature intended to provide a graduated system of penalties and that when both Subsections (16) and (31) apply, conviction properly rests on the specific charge found at Subsection (31), small amount of marijuana. **Tisdale**, 100 A.3d at 219.[5]

Here, we are not faced with the same "graduated system of penalties" that were present in **Gordon** and **Tisdale**. In a graduated system of penalties scenario, there is a palpable decrease in punishment consonant with lesser degrees of culpability. Here, there is nothing in the Vehicle Code which suggests that the legislature intended to punish *less* severely those who, while on a DUI-related suspension, violate the conditions of an OLL, than those who *directly* violate the provisions of § 1543 by driving at a time when operating privileges are DUI-suspended. Again, a person who, while under DUI-suspension, drives in violation of § 1553(f), *indirectly* (through a violation of a condition/restriction) violates the § 1543 (driving under suspension). In both situations, the driver is deemed to be driving while his operating privilege is DUI-suspended. We conclude that the Commonwealth

---

[5] The **Tisdale** court also noted it was of no moment that the defendant was not charged with a small amount of marijuana. He could still be convicted of that offense because he was charged with possession with intent to deliver ("PWID"). Because both possession of a controlled substance and possession of a small amount of marijuana were lesser included offenses of PWID the defendant was on notice that he could be convicted of the lesser included offense.

was, and is, empowered to prosecute appellant under both provisions of the Vehicle Code.

Appellant contends that the trial court committed an error of law in finding that evidence was sufficient to support a finding of guilty of driving under DUI-suspension because he *was* holding a valid license (*i.e.*, a valid OLL) at the time relevant to the incident in question. We disagree with his rationale.

We rejected a similar argument in *Commonwealth v. Javit*, 734 A.2d 922, 925 (Pa.Super. 1999). There, the appellant was issued a probationary license at a time that his operating privilege was suspended. *Id.* at 923. Javit filed a pretrial motion to dismiss the three charges of driving under a DUI-related suspension pursuant to Section 1543(b), "on the basis of his having the probationary license at the time of the three arrests" for DUI. *Id.* at 924. The motion was subsequently denied and he appealed. *Id.* at 925. Javit also argued that since he had been issued the probationary license, his license was no longer under suspension and the only sanction available was the recall of his probationary license pursuant to § 1554(h)(2) of the Vehicle Code. *Id.* We rejected the argument that "mere issuance of the probationary license serves to negate the existence of the suspension." *Id.* at 925.

> **The possession of a probationary license is not the equivalent of restoration of appellant's full operating privileges**. Just as the penalty of suspension of operating privileges cannot

> be circumvented by possession of a valid out-of-state license, suspension is not terminated by the possession of the in-state probationary license. Since appellant's operating privileges had not been fully restored at the time of his three infractions, he was properly convicted of violation of §1543.

*Id.* at 925 (internal citations omitted) (emphasis added).

We believe the rationale of *Javit* applies equally to this situation even though appellant held an OLL, not a "probationary" license. The OLL Law clearly states that a holder of an OLL *remains under suspension* and is strictly limited to driving within narrow confines. 75 Pa.C.S.A. § 1553(f)(4) provides:

> (4) The operating privilege of a driver who has been issued an occupational limited license **remains under suspension** or revocation **except when operating a motor vehicle in accordance with the conditions of issuance or restrictions of the occupational limited license**. (Emphasis added.)

Without the OLL, appellant would have had no authority to operate any vehicle at any time. The OLL sets forth the only time a driver with a DUI-suspension may operate a vehicle. Thus, it follows that when a holder of an OLL operates a vehicle outside the conditions and restrictions of an OLL, he is, in effect, driving under DUI-suspension.

Again, an OLL is a driving privilege granted by the Department to alleviate the hardships a total suspension may have on one's ability to work, attend school, and obtain medical care. An OLL does not wipe away the

DUI-suspension. It is not intended to diminish the gravity of the underlying driving under DUI-suspension violation. The legislature clearly intended that the operating privileges of OLL-license holders remain under DUI-suspension except when they are operating a vehicle in accordance with the conditions or restrictions of the OLL. Because violations of the limited grace given by the OLL constituted driving under DUI-suspension, there was nothing improper in charging and convicting appellant under § 1543(f)(3).

## II.

In his remaining issue, appellant argues that there was insufficient evidence to sustain his conviction. When reviewing a claim for the sufficiency of the evidence, we are held to the following standard:

> In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to determine whether there is sufficient evidence to enable the factfinder to find every element of the crime established beyond a reasonable doubt. *Commonwealth v. Thomas*, 867 A.2d 594 (Pa.Super. 2005). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Id.* at 597. And while a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty. *Id.* quoting *Commonwealth v. Coon*, 695 A.2d 794, 797 (Pa.Super.1997). This Court is not free to substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed. *Id.* citing *Commonwealth v. Marks*, 704 A.2d 1095, 1098 (Pa.Super.1997) and *Commonwealth v. Mudrick*, 510 Pa. 305, 308, 507

> A.2d 1212, 1213 (1986). Lastly, the factfinder is free to believe some, all, or none of the evidence. ***Id.***

***Commonwealth v. Hartle***, 894 A.2d 800, 803-804 (Pa.Super. 2006).

Appellant asserts that the evidence established that he was driving within one of the restrictions of his OLL. He contends that the Commonwealth failed to establish that he was operating a vehicle in violation of his OLL. He asserts that he was driving lawfully pursuant to his OLL because he was driving due to a medical emergency. He testified at trial that his daughter was driving the vehicle when she became ill, whereupon he had no choice but to drive.

The trial court concluded that appellant was not driving the vehicle in order to obtain emergency medical examination treatment for his daughter. Appellant admitted that he and his daughter were not on their way to obtain medical emergency treatment; they did not ask the police officer for assistance; they did not mention the migraine until after the officer made an initial check of the status of appellant's license on the officer's traffic computer; and appellant's daughter was able to drive home after the traffic stop. Clearly, the trial court did not believe that appellant's daughter was unable to drive due to a migraine headache.

Appellant argues that the statute does not require that OLL holders be in the process of going to or from a professional or certified medical facility like a hospital or urgent care center. He argues that the OLL Law simply

states that the person must be going "to or from a place." 75 Pa.C.S.A. § 1553(f)(1)(ii). Appellant contends that the word "place" must be given its plain and ordinary meaning. He argues that his daughter's dormitory reasonably falls within the definition of a "place" as envisioned by the statute. He further contends that a person need not be seeking treatment from a medical professional in order to drive with an OLL. He contends that driving his daughter to her dormitory room to recuperate from her headache qualified as driving "[t]o and from a place for scheduled or emergency medical examination or treatment."

Appellant urges that his daughter was physically unable to drive and that this constituted a medical emergency. However, according to the plain reading of the statute, the holder of an OLL is permitted to drive his or her vehicle in order to go to a scheduled appointment or to obtain emergency medical treatment. The term "emergency medical treatment" is not defined in the OLL Law, and we have found no case law defining the term in this particular context. We will apply the common definition of the terms.

"Emergency" is defined as "an unexpected and usually dangerous situation that calls for immediate action." *Webster's Ninth New Collegiate Dictionary* 407 (1985). "Medical" is defined as, **inter alia**, (1) "of, relating to, or concerned with physicians or the practice of medicine . . . ."; and (2) "requiring . . . medical treatment." *Webster's Third New International Dictionary* 1402 (2002). In the medical context, "treatment" is defined as

"the care and management of a patient to combat, ameliorate, or prevent a disease, disorder, or injury." *Mosby's Medical Dictionary* 1880 (8th ed. 2009).

Reading the above definitions together, we find that the plain and ordinary term "emergency medical treatment" as used in the OLL Law means the urgent care or management of a patient by a medical professional for a disease or injury. Employing the above-stated definitions, we conclude that appellant was not operating the vehicle within the lawful restrictions provided in the statute. Transporting his daughter to her dormitory so she could lie down was not the equivalent of obtaining emergency medical treatment.

Accordingly, the Commonwealth established that appellant was not driving within the restrictions of § 1553. That, in turn, established that on March 16, 2014, appellant was driving a motor vehicle while on a DUI-suspended license. Appellant's driver's record was produced by the Commonwealth and admitted as Exhibit "1." It proved that appellant's license was DUI-suspended. Appellant also readily admitted that fact at trial. (Trial transcript, 11/3/14 at 21; R.R. at R28.) As such, it was proven beyond a reasonable doubt that appellant was driving while on a DUI-suspended license.

The Commonwealth's credible evidence established all elements of the summary offense of driving under DUI-suspension. There was no error here.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2015