J-S46035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID COLEMAN A/K/A MARK COLEMAN, | : | |
| | : | |
| Appellant | : | No. 3057 EDA 2011 |

Appeal from the Judgment of Sentence October 13, 2011
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006209-2010

BEFORE:    BENDER, P.J.E., OTT, J., and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.:    **FILED AUGUST 23, 2016**

David Coleman (Appellant) appeals from the judgment of sentence of 90 days to five years of imprisonment following his conviction of his third offense of driving under the influence (DUI).  We affirm.

The trial court summarized as follows the evidence offered at Appellant's non-jury trial, at which he was represented by David Seth Glanzberg, Esquire.

> On September 26, 2008 at approximately 9:56 p.m., [Appellant] was traveling southbound on the 6200 block of Stenton Avenue in Philadelphia, Pennsylvania, toward the intersection of Stenton Avenue and Washington Lane. [Appellant] was traveling with one passenger in his car, Donald Young, Jr.  [Appellant] turned his vehicle across two lanes of opposing traffic on Stenton Avenue, causing another vehicle to strike [Appellant's] vehicle in the rear-quarter panel.  Donald Young [] testified [that Appellant] stopped at the stop sign before turning across traffic.  The vehicle that collided with [Appellant's] car had no stop sign, and thus the right of way.  Donald Young testified that although [Appellant] proceeded

*Retired Senior Judge assigned to the Superior Court.

through the stop sign with caution, the colliding vehicle was traveling "fast" and appeared to be racing another vehicle. Donald Young further testified he did not smell alcohol on [Appellant's] breath, notice blurry eyes, or notice a swaggered gait. Donald Young further testified that after the accident, [Appellant] struggled to breathe, limped, and grabbed his chest in pain.

Officers Kristie Trenwith and Lisa Bailey responded to the auto accident at Stenton Avenue and Washington Lane. Both Officers noticed [Appellant] had a strong smell of alcohol on his breath, glassy and bloodshot eyes, and an unbalanced walk. Both officers testified [Appellant] was not capable of safely operating a motor vehicle at that time because he was intoxicated. Officer Trenwith testified that [Appellant] did not complain about shortness of breath, chest pains, or ask for medical attention. When Officer Trenwith informed [Appellant] he was under arrest, [Appellant] replied that he was not the vehicle's driver. Officer Bailey testified that when she told [Appellant] she believed he was under the influence of alcohol, [Appellant] replied he was not driving the vehicle at the time of the accident. [Appellant] was placed under arrest for driving under the influence of alcohol.

[Appellant] testified he did not drink any alcohol on September 26, 2008. [Appellant] also denied he told Officers Trenwith and Bailey that he was not driving his vehicle that evening. [Appellant] testified that he complained to the Officers he was experiencing shortness of breath and tightness in his chest. After [Appellant] was arrested and processed, he was transported by police to Jefferson Hospital approximately two (2) hours after the arrest. At Jefferson Hospital, [Appellant's urine] tested positive for opiates and cannabis. [There was no chemical evidence offered at trial of the presence of alcohol in Appellant's system.]

Trial Court Opinion (TCO), 4/2/2014, at 1-3.

Upon the above evidence, the trial court convicted Appellant for DUI in violation of 18 Pa.C.S. § 3802(a)(1) ("An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a

- 2 -

sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."). On October 13, 2011, Appellant was sentenced to a term of incarceration of 90 days to five years. On November 3, 2011, Appellant *pro se* timely filed a notice of appeal. Also on November 3, 2011, the docket reflects the newly-entered appearance of Jerome M. Brown, Esquire, on behalf of Appellant. On November 9, 2011, Attorney Brown filed on Appellant's behalf a concise statement of errors complained of on appeal, and a motion to proceed *in forma pauperis* as to fees and costs, noting therein that Appellant had paid 40% of Attorney Brown's retainer for pursuing a motion for bail pending appeal.

On January 17, 2012, this Court dismissed the appeal based upon noncompliance with Pa.R.A.P. 3517 (requiring the filing of a docketing statement). Appellant *pro se* filed an application to reinstate the appeal, which this Court granted by order of March 2, 2012. In that order, this Court noted that Attorney Brown had not been permitted to withdraw, and directed Attorney Brown to enter his appearance in this Court within ten days. Attorney Brown complied on March 6, 2012, and filed the required docketing statement on March 21, 2012.

Without any explanation we can glean from the record, neither the trial court nor this Court took further action on the appeal for more than two years. On April 2, 2014, the trial court filed its Rule 1925(a) opinion.

Shortly thereafter, this Court issued a briefing schedule. Attorney Brown then filed a motion to withdraw, alleging therein that Appellant had made no payment to counsel since the initial payment, and that counsel "has not even heard from [Appellant], except for one phone call, over the past two years, and he has ignored Counsel's request for payment or cooperation." Petition to Withdraw as Counsel, 5/9/2014, at 1. Thus, Attorney Brown sought to withdraw based upon Appellant's breach of the representation agreement and "a complete breakdown in communication and in the relationship between the parties." *Id.*

On May 27, 2014, this Court entered an order allowing Attorney Brown to withdraw, vacating the briefing schedule, and directing the trial court to determine within 60 days whether Appellant was eligible for court-appointed counsel. On October 9, 2014, Kevin Holleran, Esquire was appointed to represent Appellant. A new briefing schedule was established, and both parties filed briefs following the grant of extensions. Thus, the appeal finally is ripe for decision.

Appellant presents one issue for our review: "Did the trial court commit error by convicting Appellant of DUI[−]general impairment where the evidence at trial was insufficient to establish that Appellant operated a motor vehicle after consuming alcohol to [the] point that he was incapable of safely operating the vehicle?" Appellant's Brief at 2 (unnecessary capitalization omitted).

- 4 -

In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [] verdict beyond a reasonable doubt. The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. As an appellate court, we must review the entire record ... and all evidence actually received[.] [T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Dawson***, 132 A.3d 996, 1001-02 (Pa. Super. 2015) (internal citations and quotation marks omitted).

"[S]ubsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." ***Commonwealth v. Segida***, 985 A.2d 871, 879 (Pa. 2009). "[A] police officer who has perceived a defendant's appearance and acts is competent to express an opinion as to the defendant's state of intoxication and ability to safely drive a vehicle." ***Commonwealth v. Palmer***, 751 A.2d 223, 228 (Pa. Super. 2000).

Appellant's primary complaint is that the Commonwealth failed to prove the second element (that he was incapable of driving safely) because

it did not establish that the collision was his fault. Appellant's Brief at 7.

That argument warrants Appellant no relief.

> To establish the second element, it must be shown that alcohol has substantially impaired the normal mental and physical faculties required to safely operate the vehicle. Substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving.

*Commonwealth v. Smith*, 831 A.2d 636, 638 (Pa. Super. 2003) (quoting

*Palmer*, 751 A.2d at 228).

Thus, in order to obtain DUI conviction of Appellant, the Commonwealth was not required to offer evidence to establish that Appellant had driven unsafely prior to his arrest (*i.e.*, that the collision was Appellant's fault); rather, it had to prove that Appellant drove his vehicle, and that when he did he so was in an alcohol-induced state that rendered him incapable of driving safely.

Mr. Young, Appellant's passenger, testified that Appellant had been driving his truck at the time of the collision, and that police arrived between 25 to 30 minutes afterwards. N.T., 1/20/2011, at 11, 30. Officer Trenwith testified that, when she spoke with Appellant, she "noticed a strong smell of alcohol coming off his breath, glassy eyes, bloodshot eyes and an unbalanced walk." *Id.* at 41. Officer Bailey also noted the odor of alcohol

on Appellant's breath along with his "bloodshot watery eyes and an unbalanced walk." *Id.* at 55. The officers also opined, based upon their experience, that Appellant was under the influence of alcohol and was unable to operate his vehicle safely.[1] *Id.* at 43, 56. Further, when Officer Bailey expressed to Appellant her belief that he was under the influence of alcohol, Appellant lied by claiming that he had not been driving. *Id.* at 55.

Viewing this evidence in the light most favorable to the Commonwealth and giving the Commonwealth the benefit of all reasonable inferences therefrom, we hold that the Commonwealth's evidence is sufficient to prove each element of DUI–general impairment. *See*, *e.g.*, *Commonwealth v. Hartle*, 894 A.2d 800, 804-05 (Pa. Super. 2006) (holding evidence was sufficient to sustain general impairment conviction *sans* a vehicle collision or chemical proof of alcohol consumption where the defendant "ran a stop sign, smelled of alcohol, had bloodshot and glassy eyes, was unsteady on his feet, refused to perform field sobriety tests, and refused a breath test"); *Commonwealth v. Feathers*, 660 A.2d 90, (Pa. Super. 1995) (reversing the trial court's post-verdict judgment of acquittal, and reinstating the jury's guilty verdict, where the record showed that the defendant was found by police with her car hanging over the edge of a newly-constructed roadway, and had bloodshot, glassy eyes, slurred speech, staggered when walking, and the strong odor of alcohol on her breath).

---

[1] The trial court found the officers to be credible. TCO, 4/2/2014, at 5.

Appellant also argues that the evidence was insufficient based upon (1) a view of the evidence in a light most favorable to himself, crediting his testimony and that of his longtime friend over the contrary testimony of the officers, Appellant's Brief at 7 ("Mr. Young testified that while in Appellant's vehicle, he did not detect the odor of alcohol emanating from Appellant and did not observe[] blood shot or watery eyes."); and (2) conjecture as to other possible causes for his post-collision behavior, *id.* at 8 ("While the Commonwealth presented evidence that Appellant had difficulty walking and maintaining balance, it is entirely possible that these physical observations were the result of Appellant['s] having recently been in the collision."). Those contentions do not support a claim that the evidence was insufficient to sustain a conviction. ***See***, ***e.g.***, ***Commonwealth v. Kriegler***, 127 A.3d 840, 847 (Pa. Super. 2015) ("In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth….  [T]he Commonwealth need not establish guilt to a mathematical certainty." (citation and quotation marks omitted)).

Thus, the verdict is supported by sufficient evidence and Appellant is entitled to no relief from this Court.

Judgment of sentence affirmed.

P.J.E. Bender joins.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/23/2016