J-S21028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES MILLER | : | |
| | : | |
| Appellant | : | No. 2554 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 31, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002973-2018

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED MAY 06, 2019**

James Miller (Appellant) appeals from the judgment of sentence imposed after the trial court found him guilty of possession of an instrument of crime (PIC) and furnishing drug-free urine.[1] Upon review, we affirm.

The trial court recounted the factual and procedural background as follows:

On July 11, 2018, Appellant was before this [c]ourt for a non-jury trial. The Commonwealth proceeded with Count 1: [PIC] and count 2: Furnishing Drug-Free Urine. Counsel for the Commonwealth and Counsel for Appellant stipulated that the facts contained within the Affidavit of Probable Cause would serve as the factual basis for the trial. Counsel also stipulated that if called to testify, Parole Officer George Buckley, of Delaware County Adult Probation and Parole, would testify that he [was waiting] by the bathroom while Appellant was giving a urine screen and that he noticed and heard furtive mo[v]ments from him, and that he did not hear the distinct sound of urine actually hitting the cup which

---

[1] 18 Pa.C.S.A. §§ 907, 7509.

he would testify that he normally would hear. In addition, if called to testify, Ms. Joy Brosman, of Delaware County Adult Probation and Parole, would testify that after receiving the urine sample, the cup and the urine had no temperature reading which is odd and not during the normal process of someone who is giving an actual sample of urine. In addition, the affidavit of probable cause states that Appellant admitted to Officer Buckley that he had used a PediaSure bottle to bring in drug-free urine. No further evidence was presented.

Counsel for Appellant argued that PIC was not applicable to the facts at bar because the rules of statutory construction would prohibit such an application, specifically that the Furnishing Drug-Free Urine statute was enacted after the PIC statute and that because all of the elements of PIC are subsumed within the crime of Furnishing False Urine, that Appellant could not be found guilty of both. In support, counsel for Appellant argued that it would be implied that urine has to come in some container or packaging to be submitted. On the contrary, counsel for the Commonwealth argued that the crime of Furnishing Drug-Free Urine could certainly be committed without the use of a container, citing for example, if another person was in the bathroom with the individual giving the sample and they urinated into the cup instead of the person who was supposed to be giving the sample. In support of distinguishing between the two crimes, counsel for the Commonwealth cited the jury instruction for PIC which states, that in order for a person to be guilty of PIC, the following elements must be met: First, the individual possessed the item, [s]econd, that the item is an instrument of crime which is defined as anything specifically made for criminal use, anything especially adapted for criminal use, and or anything that is used for criminal purposes and [t]hird, the item was possessed by the defendant at the time of the alleged offense under circumstances not manifestly appropriate for lawful use. Therefore, because Appellant possessed the PediaSure Bottle and used it to facilitate the commission of the underlying offense, the charge of PIC is not the same as the charge of Furnishing Drug-Free Urine.

This [c]ourt took the matter under advisement. After careful review, this [c]ourt agreed with counsel for the Commonwealth and found Appellant guilty of both Count 1: PIC and Count 2: Furnishing Drug-Free Urine. Appellant was sentenced on July 31, 2018, as follows: Count 2: Furnishing Drug-Free Urine- Time served to 12 months and on Count 1: PIC- 1

year of probation consecutive to Count 2. No post-sentence motions were filed.

On August 29, 2018, counsel for Appellant filed a timely Notice of Appeal and a timely 1925(b) Statement raising the issue mentioned above.

Trial Court Opinion, 10/10/18, at 1-3 (citation to notes of testimony and footnotes omitted).

Appellant presents a single issue on appeal:

The trial court erred in convicting [Appellant] of both Possessing an Instrument of Crime, a crime of general application, along with Furnishing Drug-Free Urine, a specific offense which subsumes the Possession of an Instrument of Crime offense.

Appellant's Brief at 5.[2]

As Appellant's sole issue is "one of statutory interpretation and is therefore a question of law; our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Giulian**, 141 A.3d 1262, 1266 (Pa. 2016) (citation omitted). "Consequently, we are not bound by the lower court's conclusions regarding the proper meaning of the applicable provisions of this statute. **See Commonwealth v. Kyle**, [] 874 A.2d 12, 17 ([Pa.] 2005) (holding that our Court owes no duty of deference to the legal conclusions of

_____

[2] Appellant's Rule 1925(b) statement also challenged whether the PediaSure bottle qualified as an instrument of crime under 18 Pa.C.S.A. § 907. **See** Rule 1925(b) Statement, 9/26/18, at 1. However, because Appellant abandoned this claim in his brief, we will not address it. **See** Appellant's Brief at 5; **see also Commonwealth v. Briggs**, 12 A.3d 291, 310 n.19 (Pa. 2011), **cert. denied**, 132 S.Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in appellate brief).

lower courts regarding an issue of statutory construction.).” *Commonwealth v. Devries*, 112 A.3d 663, 670 (Pa. Super. 2015). Additionally,

> Our review is further governed by the Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq.*, under which our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. *See* 1 Pa.C.S.A. § 1921(a) (“The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.”)[.] Generally, the best indication of the General Assembly’s intent may be found in the plain language of the statute. In this regard, it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include. Consequently, as a matter of statutory interpretation, although one is admonished to listen to what a statute says; one must also listen attentively to what it does not say.

*Id.* (citing *Commonwealth v. Wright*, 14 A.3d 798, 814 (Pa. 2011) (some citations omitted).

Appellant argues that the trial court erred in convicting him “of the offenses of [PIC], an offense of general applicability graded as a first degree misdemeanor [] and furnishing drug-free urine, an offense of more specific applicability to the facts at hand graded as [a third-degree misdemeanor].” Appellant’s Brief at 9. Citing 1 Pa.C.S.A. § 1933, Appellant avers that “[t]he rules of statutory construction of a penal statute as applied by courts in the Commonwealth of Pennsylvania require that a specific statute prevails and subsumes the applicability of a more general statute.” *Id.* at 9, 11.

Section 1933 reads:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall

be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933.

In its brief, the Commonwealth contends that Appellant's sole issue is frivolous because the "rule of statutory interpretation he relies upon has been abrogated by statute." Commonwealth Brief at 3. In the alternative, the Commonwealth argues that the statutes under which Appellant was convicted do not conflict. *Id.* We agree.

While making his argument, Appellant fails to address Section 1933's abrogation. *See* Appellant's Brief at 11-17. In *Commonwealth v. Kreigler*, 127 A.3d 840 (Pa. Super. 2015), this Court specifically held that the "'general/specific' rule of statutory construction in the context of criminal prosecutions has been abrogated." *Id.* at 844 (citing *Commonwealth v. Karetny*, 880 A.2d 505 (Pa. 2005) and *In re N.W.*, 6 A.3d 1020 (Pa. Super. 2010)). Section 9303, effective February 7, 2003, provides:

Notwithstanding the provisions of 1 Pa.C.S. § 1933 (relating to particular controls general) or any other statute to the contrary, **where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes**.

42 Pa.C.S.A. § 9303 (emphasis added).

As our holding in *Kriegler* explains, Section 1933 has been abrogated with respect to criminal provisions by the enactment of Section 9303.

- 5 -

Accordingly, Appellant's reliance on Section 1933 is erroneous. **Kriegler**, 127 A.3d at 844. The trial court therefore did not err in convicting Appellant of both PIC and furnishing drug-free urine.

Further, even if Section 1933 was not abrogated by Section 9303, we find that Sections 907 and 7509 do not "irreconcilably conflict." 1 Pa.C.S.A. § 1933 ("If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision[.]"). **See Karetny**, 880 A.2d 520 ("[O]nly if the conflict between the general and specific provisions is irreconcilable does the special provision prevail and act as an exception to the general provision under [Section] 1933.") (citation omitted); **see also Kriegler**, 127 A.3d at 844.

The PIC statute provides: "A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907. Further, Section 907 defines "instrument of crime" as anything specially made or specially adapted for criminal use, or anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have. **Id.**

Section 7509 of the Crimes Code states:

> **(a) Unlawful sale or attempt.--**A person commits a misdemeanor of the third degree if he offers for sale, sells, causes to be sold or gives drug-free urine for the purpose of or with the intent or knowledge that the urine will be used for evading or causing deceitful results in test for the presence of drugs.
>
> **(b) Use or attempt.--**A person commits a misdemeanor of the third degree if he uses or attempts to use drug-free urine as

provided in subsection (a) for the purpose of evading or causing deceitful results in a test for the presence of drugs.

18 Pa.C.S.A. § 7509.

Upon review of Sections 907 and 7509, we conclude that they do not irreconcilably conflict. When a defendant uses an instrument of crime to transport drug-free urine to a drug test for the purpose of evading or causing deceitful results, as Appellant did here, his conduct violates both Section 907 and 7509. As stated by this Court, a single course of conduct may constitute a violation of more than one statutory provision. *Kriegler*, 127 A.3d at 844 (citing *In re N.W.*, 6 A.3d at 1026 n.4). And while there may be instances where a defendant possesses an instrument of crime with the intent to use it to furnish drug-free urine,[3] Section 7509 does not require that an instrument of crime be employed.

Similarly, as evidenced by Pennsylvania case law, a defendant can be convicted of PIC in factual scenarios that do not also involve a violation of Section 7509. *See e.g.*, *Commonwealth v. Dix*, --- A.3d ----, 2019 WL 1434237 (Pa. Super. 2019) (affirming judgment of sentence for convictions of PIC and possession of a controlled substance with the intent to deliver); *Commonwealth v. Leaner*, --- A.3d ----, 2019 WL 124382 (Pa. Super. 2019) (affirming judgment of sentence for convictions of PIC, second-degree

---

[3] "It may well be that the same underlying conduct here can be argued to satisfy both provisions. But that is not unusual under the Crimes Code nor does it mean that separate provisions of the Code should be said to be in facial, irreconcilable conflict with each other." *Karetny*, 880 A.2d at 542.

murder, and robbery); and **Commonwealth v. Ligon**, --- A.3d ----, 2019 WL 1109515 (Pa. Super. 2019) (affirming order dismissing Post Conviction Relief Act petition of defendant who was convicted of PIC, aggravated assault, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, criminal conspiracy, and persons not to possess a firearm).

The instant case is also distinguishable from our holding in **Commonwealth v. Tisdale**, 100 A.3d 216 (Pa. Super. 2014), as Sections 907 and 7509 do not belong to a "graduated system of prosecution and punishment." **Id.** at 221 (holding the defendant's conviction of a small amount of marijuana, as a specific statute, subsumed the more general statute of possession of marijuana, as both belonged to a graduated system of prosecution and punishment for marijuana possession). In such scenario, "there is a palpable decrease in punishment consonant with lesser degrees of culpability." **Kriegler**, 127 A.3d at 845. Here, there is nothing in the Crimes Code which suggests that the General Assembly intended to punish less severely those who do not use an instrument of crime in violating Section 7509, than those who violate Section 7509 while possessing an instrument of crime. **Id.** Thus—even if Section 1933 was applicable—Sections 907 and 7509 would not irreconcilably conflict.

In sum, Section 1933 was abrogated by the General Assembly's enactment of Section 9303, and is inapplicable to Appellant's case. However, even if Section 1933 applied, Sections 907 and 7509 do not irreconcilably

conflict as required for Section 7509 to subsume Section 907. The Commonwealth properly prosecuted Appellant under both Sections 907 and 7509 of the Crimes Code, and the trial court did not err in convicting Appellant of both crimes.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19