J-S25030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT JAMES STOUGHTON | : | |
| | : | |
| Appellant | : | No. 26 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 10, 2021
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000437-2020

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:            **FILED: SEPTEMBER 21, 2022**

Appellant, Robert James Stoughton, appeals from the judgment of sentence entered on December 10, 2021, after the trial court convicted him of, *inter alia*, Driving Under the Influence ("DUI") and DUI—Highest Rate.[1] After review, we affirm.

On September 2, 2020, the Commonwealth charged Appellant with the above offenses for driving an all-terrain vehicle ("ATV") on a highway while intoxicated. On March 4, 2021, Appellant filed a pretrial motion to quash the DUI charges. As discussed in greater detail below, Appellant argued that the "general/specific rule" of statutory construction required that the Commonwealth charge Appellant with Unsafe Operation of an ATV under 75

_____

[1] 75 Pa.C.S. §§ 3802(a)(1) and (c), respectively.

Pa.C.S. § 7726 and barred it from charging him with DUI under 75 Pa.C.S. § 3802.

On April 19, 2021, the trial court held a hearing on Appellant's motion to quash. On April 27, 2021, the court denied Appellant's motion. Appellant's case proceeded to a non-jury trial where, on September 29, 2021, the court found Appellant guilty of the above offenses.[2] On December 10, 2021, the court sentenced Appellant to an aggregate term of 72 hours to 6 months' incarceration. Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review:

> Whether the trial court committed reversible error by denying [Appellant's] Motion to Quash the information?

Appellant's Br. at 2 (unnecessary capitalization omitted).

"A motion to quash a criminal information or indictment is addressed within the sound discretion of the trial judge." *Commonwealth v. Kane*, 188 A.3d 1217, 1227 (Pa. Super. 2018) (citation omitted). We will reverse only where the trial court has committed a clear abuse of discretion. *Commonwealth v. Finley*, 860 A.2d 132, 135 (Pa. Super. 2004). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or rules in a manner lacking reason." *Id.* (citation omitted).

---

[2] The court also convicted Appellant of several summary offenses that do not impact our analysis. Additionally, the court found that Appellant's DUI convictions merged for sentencing.

Appellant argues that the trial court should have granted his motion to quash based on the "general/specific rule" of statutory construction. Appellant's Br. at 9-11. The rule requires that "[w]henever a general provision in a statute shall be in [irreconcilable] conflict with a special provision in the same or another statute . . . the special provisions shall prevail and shall be construed as an exception to the general provision[.]" *Id.* at 10-11 (citing 1 Pa.C.S. § 1933).[3] Under this rule, Appellant argues that the Commonwealth was required to charge him solely with violating the "more specific" offense of Unsafe Operation of an ATV, not the "more general" offense of DUI. *Id.*

The trial court found that Appellant's issue lacked merit. Trial Ct. Op., 4/27/21, at 4-5 (unpaginated). It reasoned that no conflict exists between Sections 7726 and 3802 and, therefore, the "general/specific rule" did not apply. *Id.*

While we agree with the trial court's decision to deny Appellant's motion, we have identified an even more basic error with Appellant's argument: "the 'general/specific rule' of statutory construction in the context of criminal prosecutions has been abrogated." *Commonwealth v. Kriegler*, 127 A.3d 840, 844 (Pa. Super. 2015). In 2002, the legislature enacted 42 Pa.C.S. § 9303, which specifically provides:

---

[3] As recognized by our Supreme Court, "[b]y its terms, Section 1933 does not speak to the propriety of government pursuing prosecutions[.] That consequence of the provision [arose] solely from the case law." *Commonwealth v. Karetny*, 880 A.2d 505, 538 (Pa. 2005).

> Notwithstanding the provisions of 1 Pa.C.S. § 1933 (relating to particular controls general) or any other statute to the contrary, where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes.

42 Pa.C.S. § 9303. Therefore, Appellant's reliance on the "general/specific rule" is erroneous, and the trial court properly exercised its discretion in denying Appellant's motion to quash.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2022